UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO **07-80415**

JENNIFER E. WALKER,

        Plaintiff,

v.

GOLD KEY CREDIT, INC.,

        Defendant.

_____/

**CIV-HURLEY**

**ZHOPKINS**

FILED BY
2007 MAY 11 PM 12: 25
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT.L.

## COMPLAINT
## JURY DEMAND

### INTRODUCTION

1.    Plaintiff, JENNIFER E. WALKER, brings this action to secure

redress against unlawful debt collection practices engaged in by Defendant, GOLD

KEY CREDIT, INC.. Plaintiff alleges violation of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer

Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15

U.S.C. §1692k of the Fair Debt Collection Practices Act. Supplemental jurisdiction

over the state law claim is available to this Court pursuant to 28 U.S.C. §1367.

Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3.     Plaintiff, JENNIFER E. WALKER, is a natural person who resides in Palm Beach County, Florida.

4.     Defendant, GOLD KEY CREDIT, INC. is a corporation with its principal place of business at 16070 Aviation Loop Drive, Brooksville, Florida 34604.

5.     The Defendant regularly uses the United States Mail and or instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts or regularly collects or attempts to collect debts for other parties.  It is a "debt collector" as defined in the FDCPA.

## FACTS

6.     On or about August 3, 2006, Defendant communicated with Plaintiff and her spouse in an effort to collect an alleged debt incurred for medical care of the Plaintiff.

7.     The August 3, 2006 conversation was Defendant's first communication with Plaintiff regarding the alleged debt.

8.     Defendant did not notify Plaintiff in writing of her right to dispute the validity of the debt within 5 days of Defendant's initial communication with Plaintiff.

9.     In the course of the August 3, 2006 conversation, Defendant used willfully abusive language: by way of example, in response to a request for verification of the debt, Defendant advised Plaintiff's spouse to "get a life".

10.     In the August 3, 2006 conversation, Plaintiff informed three separate employees of Defendant that the alleged debt was not owed by Plaintiff, and that Plaintiff disputed the validity of the debt.

11.     On August 3, 2006, Plaintiff also informed Defendant in writing via email that the debt was not a valid debt of Plaintiff.

12.     The alleged debt was not legally due and was not Plaintiff's obligation.

13.     Subsequent to August 3, 2006, Defendant reported or continued to report the alleged to one or more major credit bureaus as a valid debt of Plaintiff.

14.     Subsequent to August 3, 2006, Defendant reported the alleged debt to one or more major credit bureaus as a valid debt of Plaintiff without informing the credit bureau that the debt was disputed.

## COUNT I
## FAILURE TO NOTIFY PLAINTIFF OF HER RIGHT TO DISPUTE THE DEBT IN VIOLATION OF 15 U.S.C §1692g

15.    Plaintiff incorporates Paragraphs 1 through 14.

16.    Defendant violated 15 U.S.C §1692g by failing to notify Plaintiff of her right to dispute the validity of the debt, as required by 15 U.S.C §1692g, within 5 days of Defendant's initial communication with Plaintiff regarding the alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    Statutory damages up to $1,000.00.

b.    Attorney's fees, litigation expenses and costs of suit;

c.    Such other or further relief as the Court deems proper.

### COUNT II
### FAILURE TO REPORT THE DEBT AS DISPUTED IN VIOLATION OF 15 U.S.C §1692e(8)

17.    Plaintiff incorporates Paragraphs 1 through 14.

18.    Defendant violated 15 U.S.C §1692e(8) by reporting the alleged debt to one or more major credit bureaus without informing the credit bureau that the debt was disputed.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    Statutory damages up to $1,000.00.

b.    Attorney's fees, litigation expenses and costs of suit;

4

c.      Such other or further relief as the Court deems proper.

## COUNT III
## ABUSIVE LANGUAGE IN VIOLATION OF 15 U.S.C §1692d(2)

19.    Plaintiff incorporates Paragraphs 1 through 14.

20.    Defendant violated 15 U.S.C §1692d(2) by using willfully abusive language when communicating with Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Statutory damages up to $1,000.00.

b.      Attorney's fees, litigation expenses and costs of suit;

c.      Such other or further relief as the Court deems proper.

## COUNT IV
## FAILURE TO REPORT THE DEBT AS DISPUTED IN VIOLATION OF FLA. STAT. § 559.72(6)

21.    Plaintiff incorporates Paragraphs 1 through 14.

22.    Defendant violated Fla. Stat. §559.72(6) by reporting the alleged debt to one or more major credit bureaus without informing the credit bureau that the debt was disputed.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Statutory damages up to $1,000.00.

b.      Attorney's fees, litigation expenses and costs of suit;

     c.     Such other or further relief as the Court deems proper.

## COUNT V
## ABUSIVE LANGUAGE IN VIOLATION OF FLA. STAT. § 559.72(6)

23.     Plaintiff incorporates Paragraphs 1 through 14.

24.     Defendant violated Fla. Stat. §559.72(8) by using willfully abusive language when communicating with Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

     a.     Statutory damages up to $1,000.00.

     b.     Attorney's fees, litigation expenses and costs of suit;

     c.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this _10_ day of May, 2007.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By:_____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

6

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

Jennifer E. Walker

**07-80415 CIV-HURLEY**

**DEFENDANTS**

Gold Key Credit, Inc.

**07-8041**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF PALM BEACH
(EXCEPT IN U.S. PLAINTIFF CASES)

HOPKINS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

9:07cv80415
Hurley-Hopkins

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, (PALM BEACH) MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. | BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III. | CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | | | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) |
|---|---|---|---|---|---|---|

| | | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| ☐ 1. | U.S. Government Plaintiff | ☒ 3. | Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| ☐ 2. | U.S. Government Defendant | ☐ 4. | Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| | | | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | 3 | 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** ___1-2___ days estimated (for both sides) to try entire case  15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine  **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability  ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending B | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury  ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS**  **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment  ☐ 530 General* | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations  ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare  ☐ 540 Mandamus & Other* | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights  ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | |

| VI. ORIGIN | (PLACE AN X IN ONE BOX ONLY) | | | |
|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2 Removed from State Court | ☐ 3. Remanded from Appellate Court  ☐ 4. Refiled  ☐ 5. Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7. Appeal to District Judge from Magistrate Judgment |

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A ☐ UNDER F.R.C.P.23 CLASS ACTION  CLASS ACTION No  DEMAND $ N/A   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See Instructions):  JUDGE _____  DOCKET NUMBER _____

DATE : May 10, 2007  SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. 540022  Amount: 350.00
Date Paid: _____  M/ifp: _____

S/F 1-2
REV. 9/94